## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN M. HOVERMALE,

    Plaintiff,

        v.

ILLINOIS DEPARTMENT OF
HUMAN SERVICES, *et al.*,

    Defendants.

Case No. 14-cv-00969-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant AFSCME Council 31's Motion to Dismiss Amended Complaint (Doc. 21) and Defendant Illinois Department of Human Services' Motion to Dismiss (Doc. 27) pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Plaintiff filed a Response (Doc. 25) to Defendant AFSCME Council 31's Motion to Dismiss Amended Complaint (Doc. 21), but did not file a Response to Defendant Illinois Department of Human Services' Motion to Dismiss (Doc. 27).

## I. **Factual Allegations**

Plaintiff filed his Complaint (Doc. 1) on September 4, 2014, against Defendants Illinois Department of Human Services and AFSCME Council 31. DHS Family Community Resources Center is also listed as a party in the Complaint, but was not listed in the caption.

The Complaint alleges that on or about April 3, 2014, Plaintiff was discriminated against by his employer, the Illinois Department of Human Services, due to his sex[1] and disability[2]. He

---

1. Male.
2. Plaintiff only states "disabled" or "disability" within his complaint, but does not state what type of disability he has. In his response, he states he has Fibromyalgia, but does not state how the condition affects his abilities.

claims "nepotism" and "a hostile work environment" in his Title VII claim based on two new female employees receiving more favorable treatment. Plaintiff's claim against Defendant AFSCME Council 31 is "AFSCME – No legal representation and access to state e-mails + documents as evidence."

According to the Complaint, shortly after being hired, Plaintiff was subjected to, "verbal abuse in a hostile or intimidating work environment." (Doc. 1). He was required to perform training in East St. Louis and the "2 new girls" got to leave "sooner than me." (Doc. 1). The new female employees were also given training in Springfield that was not provided to him. Plaintiff further alleges that his supervisor sent an email stating she would not certify him, "no matter how well I done in training." (Doc. 1).

The Complaint states that the new female hires were provided more assistance than he was given and that he was subject to verbal abuse in that he was called, "slow." He states he was not allowed to assist clients on the phone and was "yelled at" while helping clients. Further, he had a nose bleed at the office and phone his parents collect, but was called into his supervisor's office and told that the State of Illinois would have to pay for the call.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) against the DHS Family Community Resource Center in Wabash County ("DHS") (Doc. 1-1) which states that DHS had not provided reasonable accommodations for his disability and that he was discharged on May 12, 2014 in violation of the Americans with Disabilities Act ("ADA").

The EEOC made no findings with regard to the allegations and issued a Notice of Suit Rights. Plaintiff filed his Complaint within the 90 days provided and attached a copy of the EEOC decision to his Complaint.

On January 13, 2013, the Plaintiff filed an Amended Employment Discrimination Complaint (Doc. 19) adding the Illinois Department of Central Management Services (CMS) as a defendant.   Although there are no allegations directed towards CMS in the Amended Complaint, there is a letter attached to the Amended Complaint addressed to the Magistrate Judge that states the Plaintiff is adding CMS for the purpose of a breach of contract claim.   The letter goes on to state that the CMS website provides that a Social Services Career Trainee position requires on-the-job training for six months to a year and he was only provided training for approximately six weeks.

Defendant AFSCME Council 31 moves for dismissal stating that Plaintiff has failed to provide an EEOC right to sue notice with regard to AFSCME Council 31 and that the Plaintiff has set forth no factual allegations against AFSCME Council 31.

Defendant Illinois Department of Human Services[3] ("DHS") moves for dismissal arguing that the Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).   (Doc. 27).

II.  **Dismissal Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is

---

[3] The Illinois Department of Human Services encompasses both the DHS Family Community Resource Center and the Department of Human Services.

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

While *Bell Atlantic*, and *Iqbal* modified federal pleading requirements, they did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atlantic*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain

. . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).


### III. Analysis

The Court will first address Defendant AFSCME Council 31's Motion to Dismiss Amended Complaint (Doc. 21).  Title VII requires that the Plaintiff present his claims to the EEOC before filing a federal lawsuit.  42 U.S.C. § 2000e-5(f)(1); *Gorence v. Eagle Food Ctrs, Inc*., 242 F.3d 759, 763 (7th Cir. 2001).   A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."   *Haugerud v. Amery Sch. Dist*., 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted).   Claims are "like or reasonably related" if there is a factual relationship between them, that is, the charge and the complaint "describe the same conduct and implicate the same individuals."   *Id.* (internal citations and quotations omitted).

Further, a plaintiff cannot maintain an ADA action in federal court unless he has filed a timely charge with the EEOC. *Gilardi v. Schroeder*, 833 F.2d 1226, 1229 (7th Cir. 1987), *overruled on other grounds*, *Philbin v. General Elec. Capital Auto Lease, Inc.*, 929 F.2d 321 (7th Cir. 1991); *Huels v. Exxon Coal USA, Inc.*, 121 F.3d 1047 (1997).

Plaintiff's EEOC Charge of Discrimination names only DHS Family Community Resource Center and that he was "discriminated against because of my disability."   (Doc. 1-1).   There is no mention of AFSCME Council 31 or any actions by AFSCME Council 31 that could reasonably related to the allegations of the charge and/or of growing out of such allegations contained in the

EEOC complaint.  The only allegation in the Plaintiff's Amended Complaint against AFSCME Council 31 is, "AFSCME – No legal representation and access to state e-mails + documents as evidence."  (Doc. 19).  As such, there is no factual relationship between the EEOC charge and Plaintiff's complaint and the Plaintiff failed to present his Title VII and/or ADA claims to the EEOC before filing this suit with regard to AFSCME Council 31.

Plaintiff's response (Doc. 25) to Defendant AFSCME Council 31's Motion to Dismiss states numerous claims that are not alleged in the Complaint and/or Amended Complaint.  These allegations are:

1)  "AFSCME failure to represent and treatment of Trainee titles as discriminatory with no representation" which violates the "First and 14th Amendments of the US Constitution."

2)  "Discrimination of new Trainee titles . . . making them pay non-member dues with no rights until one is vested;"

3)  Never received "Breakdown of all non-union expenses when hired" in violation of *Foundations Chicago Teachers Union v. Hudson* (1986).  "They are violation of the Supreme court case and breach of contract. Under the contract formation under the statute of frauds."

The Plaintiff then goes on to discuss his interview process, several issues unrelated to AFSCME Council 31, and then goes back to AFSCME Council 31 with a claim of breach of the duty of fair representation and a discovery request for emails (including Facebook emails from individuals "to see if any evidence of Discrimination or defamation related to case evidence is given") and a set of questions.

Even if the Court interpreted the allegation in the Plaintiff's complaint of "No legal representation" to mean that AFSCME failed to represent the Plaintiff in his discrimination charge

against DHS and therefore, breached its duty of fair representation, Plaintiff has failed to plead any supporting facts.   "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).   The Complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests.

A single line, "AFSCME – No legal representation and access to state e-mails + documents as evidence" does not "raise a right to relief above the speculative level."   Although the Plaintiff expands and provides additional facts within his response, none of those facts are plead within the Complaint and Plaintiff fails to describe a claim against AFSCME Council 31 sufficient to give the defendant fair notice.

AFSCME Council 31 also argues that this Court lacks subject matter jurisdiction if the Plaintiff is alleging that AFSCME Council 31 breached a duty of fair representation with regard to his employment and discharge.   Defendant may be correct in this argument, but given the lack of factual details in Plaintiff's Amended Complaint, it is difficult to determine exactly what the Plaintiff is attempting to plead.   As stated above, at this time, the Plaintiff has failed to adequately plead a claim against AFSCME Council 31 and there is no need to for this Court, or the defendant, to speculate on the possible claims Plaintiff is attempting to plead.

With regard to Defendant DHS's Motion to Dismiss (Doc. 27), DHS also argues that the Plaintiff has failed to state a claim that raise a right to relief above the speculative level.

Again, as stated above, Title VII requires that the Plaintiff present his Title VII claims to the EEOC before filing a federal lawsuit.   42 U.S.C. § 2000e-5(f)(1); *Gorence v. Eagle Food Ctrs,*

*Inc.*, 242 F.3d 759, 763 (7th Cir. 2001).   A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."   *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted).   Claims are "like or reasonably related" if there is a factual relationship between them, that it, the charge and the complaint "describe the same conduct and implicate the same individuals."   *Id.* (internal citations and quotations omitted).

The Plaintiff's EEOC Complaint clearly list DHS Family Community Resource Center and states that he was discriminated against, "because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended."   In the section, "Discrimination Based on:" the Plaintiff checked "Disability" and left the "Sex" box blank.   There are also no facts set out in the "Particulars" section indicating any discrimination due to the Plaintiff's sex.   As such, Plaintiff failed to present his Title VII claims with regard to sex discrimination to the EEOC before filing this suit.

With regard to Plaintiff's ADA claims, 42 U.S.C.A. § 12112 provides that, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

42 U.S.C.A. § 12102 defines disability as:

"The term "disability" means, with respect to an individual--

> **(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> **(B)** a record of such an impairment; or

(**C**) being regarded as having such an impairment (as described in paragraph (3)).

(2) Major life activities

> For purposes of paragraph (1), major life activities include, but are not
> limited to, caring for oneself, performing manual tasks, seeing, hearing,
> eating, sleeping, walking, standing, lifting, bending, speaking, breathing,
> learning, reading, concentrating, thinking, communicating, and working.

To prove a discrimination claim, a plaintiff must show that he was a disabled person as defined by the ADA.   *Jackson v. City of Chicago*, 414 F.3d 806, 810 n. 2 (7th Cir. 2005) (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 6 (7th Cir. 1999)).   To determine whether a plaintiff has an impairment that substantially limits a major life activity, the Court conducts three inquiries. First, the Court will consider whether the plaintiff's alleged disability was a physical impairment. Second, the Court will identify the life activity upon which the plaintiff relies and determine whether it constitutes a major life activity under the ADA.   Third, tying the two statutory phrases together, the Court will ask whether the impairment substantially limited the major life activity. See, *Bragdon v. Abbott*, 524 U.S. 624, 631 (1998); *accord Lawson v. CSX Transp., Inc*., 245 F.3d 916, 923 (7th Cir. 2001).

In this case, the Plaintiff states in his EEOC Complaint that, "Respondent was aware of my disability" and that he requested "reasonable accommodation, which was not provided."   He further states, "I believe I have been discriminated against because of my disability."   (Doc. 1-1).

Plaintiff's Amended Complaint states that he was subject to verbal abuse by being referred to as, "slow" and that there was an incident when he had a nose bleed in the office.   These are the

only facts in reference to Plaintiff's disability within his Amended Complaint.[4]

Although Plaintiff checked the box, "Disability" under the jurisdiction section of his complaint, the Plaintiff did not provide any factual support such as: the nature of his disability; how did it affect his daily life and work abilities; how was his employer aware of his condition; specific dates or incidents where his disability effect his employment and in what manner; and what accommodations (other than additional training) would be necessary for his disability.   The single incident of a nose bleed that the Plaintiff provided appears to be factual information for the purpose of his hostile work environment claim than rather than factual information that his disability requires work accommodations that weren't provided.

As such, plaintiff has not plead that he is a disabled person as defined by the ADA and his claims against DHS are not sufficient to give the defendant fair notice.

## IV.  **Conclusion**

A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled.   *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc*., 977 F.2d 1129, 1134 (7th Cir. 1992).

However, Courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).   Even *pro se* litigants must put forward some legal argument in support of their contentions, *Mathis v. New*

---

4 Plaintiff does expand and offer additional information on his disability in his response, but none of that information is contained in his Amended Complaint.

*York Life Ins.*, 133 F.3d 546, 548 (7th Cir.1998).   Further, there is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57.

Plaintiff has made numerous calls to this Court and the Clerk of Court's Office seeking legal advice.   The Court **CAUTIONS** the Plaintiff that this Court and/or the Clerk of Court's Office, can <u>not</u> provide the Plaintiff with legal advice in this matter.   The Clerk of Court's Office should only be contacted with regard to filing and/or procedural matters.

Based on the above, Defendant AFSCME Council 31's Motion to Dismiss Amended Complaint (Doc. 21) and Defendant Illinois Department of Human Services' Motion to Dismiss (Doc. 27) are **GRANTED**.   Plaintiff's Amended Complaint is **DISMISSED** without prejudice and the Plaintiff is **GRANTED** leave to file a Second Amended Complaint that complies with the pleading requirements of Federal Rule of Civil Procedure 8 and Local Rule 15.1 on or before **June 22, 2015.   Failure to timely file the amended complaint may result in dismissal of this matter.**   Finally, based on the preceding ruling, Plaintiff's Letter construed as a Motion for Service (Doc. 30) is **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:**   5/19/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
