# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN M. HOVERMALE,

     Plaintiff,

          v.

ILLINOIS DEPARTMENT OF
HUMAN SERVICES, *et al.*,

     Defendants.

Case No. 14-cv-00969-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant AFSCME Council 31's Motion (Doc. 36) to Dismiss Plaintiff's Second Amended Complaint and Defendant Illinois Department[1] of Human Services' Motion (Doc. 38) to Dismiss Plaintiff's Second Amended Complaint. The Plaintiff has not filed a response to either of these motions and the time for filing a response has elapsed.

1. **Background**.

Plaintiff filed his initial complaint (Doc. 1) alleging employment discrimination against the Illinois Department of Human Services ("DHS") in violation of Title VII and the Americans with Disability Act ("ADA"). It also alleged a failure to represent claim against AFSCME Council 31.

Plaintiff was hired by the DHS in April of 2014, and he states that he was the victim of a hostile work environment. He claims that two other new hires (both female) were given preferential treatment and that he was discriminated against because he was male and disabled.[2]

---

1  The Illinois Department of Human Services encompasses both the DHS Family Community Resource Center and the Department of Human Services.

2  The Second Amended Complaint indicates that the Plaintiff has "Fibromyalgia and other health conditions", but

According to the Plaintiff, shortly after being hired, he was subjected to, "verbal abuse in a hostile or intimidating work environment." (Doc. 35).    The new female employees were given training in Springfield that was not provided to him although he had requested additional training on numerous occasions.   Plaintiff further alleges that his supervisor sent an email stating she would not certify him, "no matter how well I done in training." (Doc.35).   Plaintiff was employed approximately six weeks before being terminated on May 12, 2014.

The Second Amended Complaint also states that the new female hires were provided more assistance than he was given and that he was subject to verbal abuse in that he was called, "slow" and was "yelled at" while helping clients.   Further, he states that he had a nose bleed at the office and telephoned his parents collect, but was called into his supervisor's office and told that the State of Illinois would have to pay for the call.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) against the DHS Family Community Resource Center in Wabash County (Doc. 1-1) which stated that DHS had not provided reasonable accommodations for his disability and that he was discharged on May 12, 2014 in violation of the ADA.   The EEOC made no findings with regard to the allegations, but issued a Notice of Suit Rights. Plaintiff filed his initial Complaint within the 90 days provided and attached a copy of the EEOC decision to his Complaint.

Plaintiff then filed an amended complaint (Doc. 19) adding DHS Family Community Center in Wabash County and the Illinois Department of Central Management Service.   The Defendants filed Motions to Dismiss (Docs. 21 & 27) for failure to state a claim.   The Court

the initial and amended complaint did not specify the plaintiff's disability.

granted (Doc. 33) the motions to dismiss, but allowed the Plaintiff leave to file an amended complaint. The Plaintiff filed a Second Amended Complaint (Doc. 35) on July 6th, 2015.

Plaintiff's Second Amended Complaint states the same basic allegations as his initial and amended complaints, but adds a breach of "employment contract" and a "wrongful termination" claims against the DHS.    The Second Amended Complaint is 19 pages and is not divided into counts.   It is difficult to follow the allegations, so the Court has conducted an initial review[3] of the Second Amended Complaint and determined that it alleges the following claims:

**Count 1** – Breach of Contract claim against DHS for terminating the Plaintiff prior to his six to 12 months probationary period.

**Count 2** – Wrongful termination against DHS by terminating the Plaintiff prior to his six to 12 months probationary period.

**Count 3** – Employment discrimination against DHS in violation of Title VII in that DHS subjected the Plaintiff to a hostile work environment by allowing Plaintiff's supervisor verbally abused the Plaintiff by referring to him as "slow;" by not providing the Plaintiff additional training as Plaintiff requested; by rude post-it notes; and by having the Plaintiff use an outdated system.

**Count 4** – Employment discrimination against DHS in violation of the ADA in that the DSH failed to make reasonable accommodations for Plaintiff's disability by failing to provide additional training; failing to allow Plaintiff to take leave for medical appointments; and failing to allow the Plaintiff to transfer to another location.

---

3 Plaintiff is proceeding *in forma pauperis* and 28 U.S.C. § 1915 provides that the court shall dismiss the case at any time if the court determines that the allegations is frivolous or malicious and/or fails to state a claim on which relief may be granted.   Also, Federal Rule of Civil Procedure 8(e) directs that the court should construed pleadings as to do justice.

**Count 5** – Employment discrimination against DHS in violation of Title VII in that Plaintiff was discrimination against on the basis of sex in that the Plaintiff was treated less favorably than others not in the protected class who were similarly situated (two new female employees) in that he received less training than the female new hires.

**Count 6** – Failure of duty to represent against AFSCME Council 31 based on Plaintiff paying "non-member" union fees, but not receiving any benefits for the payment of the fees in that AFSCME Council 31 failed to represent the Plaintiff with regard to his termination and/or transfer request.

The parties and the Court will use the above designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.   The designation of these counts does not constitute an opinion as to their merit.

Defendant AFSCME Council 31 moves for dismissal based on the lack of jurisdiction, or in the alternative, that the Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted pursuant Federal Rules of Civil Procedure 12(b)(1) and (6).

Defendant DHS moves for dismissal arguing that the Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

2.  **Analysis.**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005)

(*emphasis in original*).   Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

The Court also notes that the  Plaintiff is *pro se* and the Court must liberally construe *pro se* pleadings.   *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998).   A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled.   *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992).

However, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced.") and courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

### 3.   Defendant AFSCME Council 31's Motion to Dismiss.

AFSCME Council 31 first moves to dismiss Plaintiff's Second Amended Complaint based on lack of jurisdiction.   The Plaintiff has not stated the basis for federal jurisdiction, but it appears by the allegations that he is claiming a violation of the Labor Management Relations Act

("LMRA").   The LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court of the United States having jurisdiction of the parties."   29 U.S.C. §185(a). However, 29 U.S.C. § 152(2) excludes, "any State or political subdivision thereof."   "The general test for determining whether an employer is an exempt political subdivision is whether or not it was '(1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) [is] administered by individuals who are responsible to public official or to the general electorate." *N.L.R.B. v. Parents and Friends of the Specialized Living Center*, 879 F.2d. 1442, 1448 (7th Cir. 1989) quoting *N.L.R.B. v. Natural gas Utility Dist. Of Hawkins County*, 402 U.S. 600, 604-5 (1971).   In this case, DHS is created directly by the state and constitutes a department of the state.   As such, DHS is a political subdivision of the State of Illinois and therefore not subject to the LMRA.

If Plaintiff is claiming supplemental jurisdiction under 28 U.S.C. § 1367 over a state claim under the Illinois Public Labor Relations Act based on federal jurisdiction of his Title VII and ADA claims, the Court notes that a union's alleged breach of the duty of fair representation with regard to public employee can only be brought after the exhaustion of nonjudicial remedies. 5 ILCS 315/16.   There is no indication that Plaintiff has filed a claim under the Illinois Public Labor Relations and/or exhausted his administrative remedies with regard to the Illinois Public Labor Relations Board.

Therefore, Count 6 and all allegations within the Plaintiff's Second Amended Complaint against AFSCME Council 31 for failure to represent and/or breach of duty of fair representation are **DISMISSED** without prejudice for lack of jurisdiction.   The Court notes that such dismissal

does not bar the plaintiff from filing a claim with the Illinois Labor Relations Board and as the Court finds that it lacks jurisdiction to hear Plaintiff's claims against AFSCME Council 31, the Court need not address AFSCME Council 31's alternative basis for dismissal.

### 4.  Defendant DHS's Motion to Dismiss.

DHS motions for dismissal arguing that the Plaintiff's Second Amended Complaint fails to state a claim that raises a right to relief above the speculative level.   First, DHS notes that there is no allegation of sexual discrimination in Plaintiff's EEOC Complaint.    Plaintiff filed a complaint[4] with the U.S. Equal Employment Opportunity Commission ("EEOC") against the DHS (Doc. 1-1) which states that the DHS had not provided reasonable accommodations for his disability and that he was discharged on May 12, 2014 in violation of the Americans with Disabilities Act ("ADA").

A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."   *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted).   Claims are "like or reasonably related" if there is a factual relationship between them, that is, the charge and the complaint "describe the same conduct and implicate the same individuals."   *Id.* (internal citations and quotations omitted).

The Plaintiff's EEOC Complaint clearly list DHS Family Community Resource Center and states that he was discriminated against, "because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended."   In the section, "Discrimination Based on:" the

---

4  A copy of the EEOC Right to Sue letter was not included with the Second Amended Complaint, but Plaintiff refers to the letter in the body of his pleadings.   A copy of the EEOC Notice was attached to Plaintiff's initial complaint and given that the Plaintiff is *pro se*, the Court will consider that the EEOC Notice is properly provided with regard to the Second Amended Complaint.

Plaintiff checked "Disability" and left the "Sex" box blank.   There are also no facts set out in the "Particulars" section indicating any discrimination due to the Plaintiff's sex.

As such, Plaintiff failed to present his Title VII claims with regard to sex discrimination to the EEOC before filing this suit.   Count 5 and any allegations regarding sexual discrimination against the DHS are dismissed without prejudice.

Plaintiff's allegations of a hostile work environment under Title VII also cannot survive the motion to dismiss.   Title VII provides that, "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."   42 U.S.C. § 2000e-2(a)(1).   There is no provision for discrimination based upon a disability under Title VII and as stated above, Plaintiff failed to allege sexual discrimination in his EEOC complaint which is a perquisite to filing a Title VII suit.   Therefore, Count 3 is dismissed without prejudice.

The Court notes that the analysis above, with regard to any sex discrimination allegations, was stated in this Court's Order of May 19, 2015 (Doc. 33) when it granted the Plaintiff leave to amend. As such, these allegations should not have been brought before the Court until the Plaintiff had properly filed a complaint with the EEOC with regard to any alleged sexual discrimination.

With regard to Plaintiff's ADA claims, 42 U.S.C.A. § 12112 provides that, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

42 U.S.C.A. § 12102 defines disability as:

"The term "disability" means, with respect to an individual--

> **(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> **(B)** a record of such an impairment; or
>
> **(C)** being regarded as having such an impairment (as described in paragraph (3)).

(2) Major life activities

> For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

To prove a discrimination claim, a plaintiff must show that he was a disabled person as defined by the ADA.  *Jackson v. City of Chicago*, 414 F.3d 806, 810 n. 2 (7th Cir. 2005) (citing *Silk v. City of Chicago*, 194 F.3d 788, 798 n. 6 (7th Cir. 1999)).   To determine whether a plaintiff has an impairment that substantially limits a major life activity, the Court conducts three inquiries. First, the Court will consider whether the plaintiff's alleged disability was a physical impairment. Second, the Court will identify the life activity upon which the plaintiff relies and determine whether it constitutes a major life activity under the ADA.   Third, tying the two statutory phrases together, the Court will ask whether the impairment substantially limited the major life activity. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998); *accord Lawson v. CSX Transp., Inc.*, 245 F.3d 916, 923 (7th Cir. 2001).

In this case, the Plaintiff states in his EEOC Complaint that, "Respondent was aware of my disability" and that he requested "reasonable accommodation, which was not provided." He further states, "I believe I have been discriminated against because of my disability." (Doc. 1-1).

However, the Second Amended Complaint is extremely limited on supporting facts such as how the Plaintiff's disability affected his job performance and when his employer became aware of his disability. Plaintiff's Second Amended Complaint states that the Plaintiff has "Fibromylgia and other health conditions" which caused him difficulty performing his job. He further states a single incident in which he had "sharp pain in his head" and had to call his parents collect since he had been denied phone privileges. He also alleges that he was not reasonable accommodated in that he was denied time off to seek medical assistance; was denied a transfer to another location; and was denied additional training.

Normally, the Court would require more specifics, but given that the Plaintiff is *pro se*, there is enough to survive at the pleading stage. Although minimally plead, Plaintiff's allegations of discrimination under the ADA describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and to plausibly suggests that the plaintiff has a right to relief above a speculative level. Count 4 and any allegations with regard to employment discrimination against the DHS in violation of the ADA will proceed.

The DHS motion to dismiss does not address any of the Plaintiff's allegations with regard to breach of contract and/or wrongful termination. As such, Counts 1 and 2 will proceed against defendant DHS.

**5.  Conclusion.**

Based on the above, Defendant AFSCME Council 31's Motion (Doc. 36) to Dismiss Plaintiff's Second Amended Complaint and Defendant Illinois Department of Human Services' Motion (Doc. 38) to Dismiss Plaintiff's Second Amended Complaint are **GRANTED** in part and **DENIED** in part.

  a.  Count 3 and any allegations regarding sexual discrimination and/or hostile work environment in violation of Title VII are **DISMISSED** without prejudice.

  b.  Count 5 and any allegations regarding sexual discrimination against the DHS are **DISMISSED** without prejudice.

  c.  Count 6 is **DISMISSED** without prejudice for lack of jurisdiction.

  d.  Defendant AFSCME Council 31 is **DISMISSED** without prejudice.

  e.  This matter will proceed with regard to Counts 1, 2, and 4 against the DHS.

The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of this matter.  The Court further finds that Plaintiff's Second Amended Complaint does not comply with Federal Rule of Civil Procedure 5.2(a).  Therefore, the Clerk of Court is **DIRECTED** to place Plaintiff's Second Amended Complaint under seal and the Plaintiff is **DIRECTED** to file a redacted version for the record on or before **February 22, 2016**.

  **IT IS SO ORDERED.**

  **DATED:**   1/21/2016

                          *s/J. Phil Gilbert*
                          **J. PHIL GILBERT**
                          **DISTRICT JUDGE**