# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN M. HOVERMALE,

    Plaintiff,

        v.

ILLINOIS DEPARTMENT OF
HUMAN SERVICES, *et al.*,

    Defendants.

Case No. 14-cv-00969-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Illinois Department of Central Management Services' Motion (Doc. 44) to Dismiss Plaintiff's Second Amended Complaint (Doc. 35).   The Plaintiff has not filed a response and the time for filing a response has elapsed.

1. **Background**.

Plaintiff filed his initial complaint (Doc. 1) alleging employment discrimination against the Illinois Department of Human Services ("DHS") in violation of Title VII and the Americans with Disability Act ("ADA").   The initial complaint also alleged a failure to represent claim against AFSCME Council 31. Plaintiff filed his Second Amended Complaint and added an allegation of breach of contract against the Illinois Department of Central Management Services ("CMS").

Plaintiff was hired by the DHS through CMS in April of 2014, and he states that he was the victim of a hostile work environment.   He claims that two other new hires (both female) were given preferential treatment and that he was discriminated against because he was male and disabled.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) against the DHS Family Community Resource Center in Wabash County (Doc. 1-1). The complaint stated that DHS had not provided reasonable accommodations for his disability and that he was discharged on May 12, 2014, in violation of the ADA.   The EEOC made no findings with regard to the allegations, but issued a Notice of Suit Rights. Plaintiff filed his initial Complaint within the 90 days provided and attached a copy of the EEOC decision to his Complaint.

Defendant CMS now motions for dismissal arguing that the Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## 2. Analysis.

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).   This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.   *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

*Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (*emphasis in original*). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.

The Court also notes that the  Plaintiff is *pro se* and the Court must liberally construe *pro se* pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859,

864 (7th Cir. 1998).   A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled.   *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc*., 977 F.2d 1129, 1134 (7th Cir. 1992).

However, liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced.") and courts are not obliged to craft arguments or perform necessary legal research for *pro se* litigants to cure substantive deficiencies. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990).

Further, Local Rule 7.1(c) provides that, "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

### 3.   Defendant CMS's Motion to Dismiss.

CMS motions for dismissal arguing that the Plaintiff's Second Amended Complaint fails to state a claim that raises a right to relief above the speculative level.   First, CMS notes that there is no allegation in Plaintiff's EEOC Complaint against CMS.   Second, Plaintiff was not employed by CMS and as such, there is no employer/employee relationship within the meaning of ADA.   42 U.S.C. § 12112(a).   Finally, the plaintiff has not demonstrated that there existed a contract between the plaintiff and CMS.

The Plaintiff filed a complaint[1] with the EEOC against the DHS (Doc. 1-1) which states that the DHS had not provided reasonable accommodations for his disability and that he was discharged on May 12, 2014, in violation of the Americans with Disabilities Act ("ADA").   There is no mention of CMS in the EEOC charge.

A Title VII plaintiff may sue only on "those claims that were included in her EEOC charge, or that are like or reasonably related to the allegations of the charge and growing out of such allegations."   *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001) (internal quotations and citations omitted).   Claims are "like or reasonably related" if there is a factual relationship between them, that is, the charge and the complaint "describe the same conduct and implicate the same individuals."   *Id.* (internal citations and quotations omitted).

The Plaintiff's EEOC Complaint is clearly directed to DHS Family Community Resource Center.   There are no allegations against CMS and the Plaintiff was never employed by CMS. Further, there are no allegations that CMS discriminated against the Plaintiff or that any common individual was involved.   As such, a Title VII claim against CMS cannot survive dismissal.

"To state a claim for breach of contract under Illinois law, a claimant must allege: (1) the existence of a valid and enforceable contract; (2) its performance of the contract; (3) defendant's breach of the contract; and (4) that it was damaged as a result of the breach."   *Priebe v. Autobarn Ltd.,* 240 F.3d 584, 587 (7th Cir.2001).

There are no allegations within the Second Amended Complaint that the Plaintiff entered into a contract with CMS.   No contract is attached to any of the Plaintiff's pleadings.   CMS's

---

1  A copy of the EEOC Right to Sue letter was not included with the Second Amended Complaint, but Plaintiff refers to the letter in the body of his pleadings.   A copy of the EEOC Notice was attached to Plaintiff's initial complaint and given that the Plaintiff is *pro se*, the Court will consider that the EEOC Notice is properly provided with regard to the Second Amended Complaint.

"Official Open Competitive Examination Grad Notice" and "Open Competitive Employment Referral" for the social services career training position are attached; however, neither of those documents indicates a contractual relationship between the Plaintiff and CMS.   Without some indication of a contract, there can be no breach.

Based on the documents attached to the Plaintiff's Second Amended Complaint, it appears that CMS advertised the DHS position and also administered a exam for the position.   CMS then provided the Plaintiff his grade and an "Open Competitive Employment Referral" as a social services career trainee to DHS.   In the job advertisement and referral notice, it states that the employee "receives on the job training for a period of six to twelve months."   The referral notice also provided the time and location for the job interview.   After the referral, there does not appear to be any other involvement by CMS in the hiring or the employment of the plaintiff.

Plaintiff's entire claims against CMS center around the statement that the employee "receives on the job training for a period of six to twelve months."   The Plaintiff is alleging breach of contract and discrimination because he was terminated prior to the completion of the training period.   The statements are not contractual and as such, fail to meet the first element of a breach of contract claim.

**4.  Conclusion.**

Based on the above, Defendant Illinois Department of Central Management Services' Motion (Doc. 44) to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**.   Defendant Illinois Department of Central Management Services is **DISMISSED** with prejudice.

The Clerk of Court is **DIRECTED** to enter judgment accordingly at the conclusion of this matter.

**IT IS SO ORDERED.**

**DATED:**  4/4/2016

*s/J. Phil Gilbert*

**J. PHIL GILBERT**
**DISTRICT JUDGE**