IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUSTIN M. HOVERMALE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:14-cv-969-NJR-DGW |
| v. ) | |
| ) | |
| ILLINOIS DEPARTMENT OF HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Defendant. ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

This matter is before the Court on a number of motions related to discovery filed by Plaintiff, Dustin M. Hovermale (Docs. 85, 91, 92, and 93). The Court considers each motion in turn, as set forth below.

### MOTION TO REQUEST EVIDENCE FROM ILLINOIS DEPARTMENT OF HUMAN SERVICES AND THROW OUT NOTEBOOK OF KIM MURK ON GROUNDS IT IS PREJUDICIAL AND INCOMPLETE (DOC. 85)

In this motion, Plaintiff makes two primary requests. First, he asks the Court to strike Kim Murk's notebook, submitted as evidence by Defendant in support of its motion for summary judgment (*See* Doc. 76-2, pp. 3-24). Second, Plaintiff requests production (from whom, it is not clear) of a variety of documents, including other notebooks kept by Ms. Murk on other women trainees, employment records of other employees of the Illinois Department of Human Services, and names and employment records of other Social Services Career Trainee's from January 2014 to present.

Defendant filed a motion to deny or strike Plaintiff's motion on February 10, 2017 (Doc. 90). The Court **DENIES** Defendant's motion insofar as it is construed as a motion to strike;

however, the Court will consider Defendant's argument as an objection to Plaintiff's motion for evidence.

With regard to Plaintiff's first request to strike Kim Murk's notebook, said request will be addressed by District Judge Rosenstengel. Accordingly, this portion of Plaintiff's motion will remain pending.

With regard to Plaintiff's request for production of information and documents, his motion is **DENIED**. Pursuant to the Scheduling Order entered by the undersigned on May 25, 2016, discovery in this matter closed on November 28, 2016. There is nothing in the docket to indicate Plaintiff sought an extension of this deadline prior to its expiration. Now, only after Defendant filed its motion for summary judgment does Plaintiff seek the production of documents and other information. Not only is said request improper (as parties engage in discovery by way of particular mechanisms – e.g. Rules 33 and 34 of the Federal Rules of Civil Procedure – with one another and do not file said requests with the Court unless ordered to do so), but it is also, quite simply, out of time. Further, Plaintiff has not provided any explanation regarding his delay in engaging in discovery that could be construed as excusable neglect and, based on a plain reading of his motion, it does not appear that he ever requested the information now being sought from Defendant prior to the filing of his motion.

While the Court is aware that Plaintiff is proceeding *pro se*, he is still required to follow the Federal Rules of Civil procedure and the District Court's Local Rules and he is not excused from complying with his responsibilities as a litigant. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). The Court also notes that it provided Plaintiff with a courtesy copy of the pro se litigant guide available on the Court's web page on April 29, 2016 to assist him in litigating this matter.

**MOTION TO REQUEST EVIDENCE FROM ILLINOIS DEPARTMENT OF HUMAN SERVICES; MOTION TO REQUEST EXTENSION OF DISCOVERY PERIOD AS EVIDENCE IS CRUCIAL TO PLAINTIFF'S CASE; REQUEST COURT'S PROTECTION TO SSCT TRAINER KATHY SEGUNDO; COURT'S PERMISSION TO DEPOSE KATHY AFTER ASSURANCES (DOC. 91)**

In this filing, Plaintiff asserts that he lacks legal knowledge of the federal courts and procedure, but indicates he needs the following information so that he may prove his case: (1) other notebooks maintained by Kim Murk regarding Social Service Career Trainees; (2) Kim Murk's employment file; and (3) a list of all Social Services Career Trainees that were hired from January 2013 to present. Plaintiff also asks for the Court's assurance that his SSCT trainer, Kathy Segundo, would not suffer an adverse employment action if deposed. The Court's reasoning set forth above is equally applicable here. Despite Plaintiff's reference to his lack of legal knowledge and the federal courts and procedure, he again fails to provide an adequate reason for the Court to allow such untimely discovery. Accordingly, Plaintiff's motion is **DENIED**.

**MOTION FOR REQUEST UPDATE ON MOTION TO REQUEST INFORMATION FROM THE STATE (DOC. 92)**

In this motion, Plaintiff asks the Court to help him obtain information critical to his case and asks the Illinois Attorney General to provide him information pursuant to the Freedom of Information Act. Plaintiff indicates he would like a list of all individuals hired, the dates they were hired, and when they were terminated. Plaintiff does not provide any additional information concerning the information he seeks. The Court applies the reasoning set forth above in regards to Plaintiff's requests for discovery to the motion now before the Court. The Court reiterates the untimeliness of Plaintiff's request and his failure to follow the Federal Rules of Civil Procedure to engage in discovery. Plaintiff's motion is therefore **DENIED**.

**MOTION FOR QUESTIONS ON ATTORNEY GENERAL OFFICE NOTICE OF APPEARANCE LIST OF ATTORNEY'S WORKING ON CASE (DOC. 93)**

In this motion, Plaintiff complains that a number of individuals on the electronic list for receipt of court documents have not filed their notice of appearance. Plaintiff complains that these individuals failed to follow proper procedure and, for this reason, the Court should allow Plaintiff to receive a list of all Social Services Career Trainees and their dates of hire. Plaintiff's motion is **DENIED**. With regard to Plaintiff's complaints about the individuals receiving notice of electronic filings in this matter, Plaintiff is advised that these individuals have not violated any procedural rule by not entering their appearance in this matter as they have not filed any document or appeared before the Court. Indeed, individuals other than attorneys representing parties in a case routinely receive notice of electronic filings. With regard to Plaintiff's request for discovery, the Court applies its previous findings regarding this issue and **DENIES** Plaintiff's request for information.

**IT IS SO ORDERED.**

**DATED: April 27, 2017**

                                  **DONALD G. WILKERSON**
                                  **United States Magistrate Judge**